UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Paducah Division**

| | |
|---|---|
| Bridget Rice )<br>    *Plaintiff* )<br>     )<br>v. )<br>     )<br>Midland Funding, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    412 W. Main Street )<br>    Frankfort, KY 40601 )<br>     ) | Case No. 5:16-CV-134-TBR |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

\*   \*   \*   \*   \*

1.  This is an action by a consumer seeking injunctive relief and damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant Midland Funding, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.  Midland Funding, LLC ("Midland") filed a lawsuit against Plaintiff Bridget Rice on February 26, 2015 in the Graves District Court of Graves County, Kentucky in an attempt to collect a debt (the "State Court Suit"). Midland obtained a default judgment against Ms. Rice in that action on April 7, 2015. The default judgment awarded Midland its "costs expended," but at no time prior to filing execution on the default judgment did Midland file a bill of costs as required by Ky. R. Civ. P. 54.04 in order to recover any sum certain of authorized court costs expended during litigation.

3.  On April 29, 2015, Midland recorded a Notice of Judgment Lien against Ms. Rice

pursuant to the default judgment, paying a statutory fee of $13.00 to the County Clerk of Graves County, Kentucky for doing so. Midland's judgment lien added its self-awarded court costs expended to the amount due and owing on the default judgment, even though it had not filed a bill of costs for recovery of same.

4. Between August 4, 2015 and February 16, 2016, Midland filed a series of garnishments in an attempt to collect the judgment against Ms. Rice. Midland's garnishments included self-awarded court costs and collection expenses in the balance stated to be due and owing on the judgment, even though Midland had not followed the procedure under Kentucky law for obtaining its allowable court costs, and even though some of its collection expenses are not recoverable under Kentucky law.

5. As a pattern and practice Midland has collected or attempted to collect self-awarded court costs after obtaining judgment against numerous other Kentucky consumers via similar debt collection lawsuits, like the State Court Suit against Ms. Rice, and for which it did not comply with the requirements of filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04 prior to collecting or attempting to collect such court costs. Midland has also collected or attempted to collect self-awarded collection expenses which are not recoverable under Kentucky law. Midland also repeatedly issued garnishments to numerous financial institutions with no good-faith basis for believing that any of the institutions had any funds subject to garnishment, since it had not taken post-judgment discovery as allowed by Kentucky law, and it sought to recover the cost of these "blind" garnishments from Ms. Rice. These acts by Midland in illegally attempting to collect or collecting a consumer debt violate the FDCPA for which Ms. Rice on behalf of herself and members of proposed classes seek statutory damages, actual damages, and injunctive relief.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

7. Plaintiff Bridget Rice is a natural person who resides in Graves County, Ky. Ms. Rice is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

8. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

9. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

10. On February 26, 2015, Midland filed a complaint in the Graves District Court against Ms. Rice under case number 15-C-00100 (the "Lawsuit") in an attempt to collect a defaulted credit account originally due and owing to Synchrony Bank ("Synchrony").

11. Ms. Rice used the Synchrony account at the basis of the Lawsuit exclusively for personal, family, and household purposes, which makes the Synchrony debt a "debt" within the meaning of the FDCPA.

12. On April 6, 2015, Midland moved for default judgment in the Lawsuit, and the Court entered default judgment against Ms. Rice and in favor of Midland on April 7, 2015 (the

"Judgment"). A copy of the Judgment is attached hereto as Exhibit "A."

13.  The Judgment awarded Midland "the sum of $2,713.92, plus costs expended herein."

14.  At no time prior to filing execution on the judgment did Midland file and serve a bill of costs itemizing the costs of litigation it was claiming as recoverable as required by Ky. R. Civ. P. 54.04 in order to recover any sum certain of court costs in obtaining the Judgment.

15.  By failing to comply with CR 54.04 Midland circumvented the purpose and protection provided by the rule: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

16.  If a prevailing party fails to comply with CR 54.04 and file and serve a bill itemizing costs as required, the prevailing party may not recover costs from the losing party.

17.  On April 29, 2015, Midland filed a Notice of Judgment Lien with the County Clerk of Graves County, Kentucky pursuant to the Judgment, paying a statutory fee of $13.00 to the County Clerk for doing so. A copy of the Judgment Lien is attached hereto as Exhibit "B."

18.  The Judgment Lien stated that the amount due on the Judgment was "$2,827.42, with interest accruing at the rate of 0% per annum from April 7, 2015, plus all costs expended," and in so doing overstated the amount awarded by court Judgment, and claimed as due and owing on the Judgment itself, in the amount of $113.50.

19.  The $113.50 Midland added to the principal amount of the Judgment in the Judgment Lien represents Midland's self-awarded "costs expended" in the Lawsuit.

20.  On August 4, 2015, Midland filed a wage garnishment, and on August 17, 2015, Midland filed three bank garnishments, directed to Regions Bank, First State Bank, and C-Plant

Federal Credit Union, in attempts to collect the Judgment (collectively, the "First through Fourth Garnishments"). Copies of the First through Fourth Garnishments are attached hereto as Exhibit "C."

21. The First through Fourth Garnishments state that the "amount due" on the Judgment was $2,840.42, or $126.50 more than the amount of the Judgment.

22. The amount of $126.50 Midland added to the principal amount of the Judgment in the First through Fourth Garnishments represents Midland's self-awarded "costs expended" in the Lawsuit, together with its self-awarded $13.00 recording fee for recording the Judgment Lien.

23. The Judgment did not award to Midland the right to recover the $13.00 lien recording fee.

24. Lien recording fees paid to county clerks are not "court costs" recoverable by a prevailing party in litigation under Kentucky law, as they are neither costs incurred in litigation nor costs paid to the court or its officers. CR 54.04; KRS 453.050; *Porter v. Citizens Fidelity Bank & Trust Co.*, 554 S.W.2d 397 (Ky. Ct. App. 1977); *Commonwealth Transp. Cabinet, Dept. of Highways v. Wireman*, 714 S.W.2d 159 (Ky. Ct. App. 1986).

25. Midland had no good-faith basis for believing that any of the garnishees named in the First through Fourth Garnishments had any funds or other property belonging to Ms. Rice which were subject to garnishment.

26. At no point prior to issuing the First through Fourth Garnishments did Midland propound any discovery into Ms. Rice's assets.

27. The First through Fourth Judgments did not attach any funds belonging to Ms. Rice.

28. On February 16, 2016, Midland filed two further non-wage garnishments directed to JPMorgan Chase Bank and to Fort Knox Federal Credit Union in an attempt to collect the Judgment (collectively, the "Fifth and Sixth Garnishments"). Copies of the Fifth and Sixth Garnishments are attached hereto as Exhibit "D."

29. The Fifth and Sixth Garnishments state that the "amount due" on the Judgment was $2,920.42—$206.50 more than the amount of the Judgment, and $80.00 more than the "amount due" stated on the First through Fourth Garnishments.

30. The amount of $206.50 Midland added to the principal amount of the Judgment in the Fifth and Sixth Garnishments represents Midland's self-awarded "costs expended" in the Lawsuit, its self-awarded $13.00 lien recording fee, and $20.00 in costs and expenses related to the filing of each of the First through Fourth Garnishments.

31. Midland had no good-faith basis for believing that either of the garnishees named in the Fifth and Sixth Garnishments had any funds or other property belonging to Ms. Rice which were subject to garnishment.

32. At no point prior to issuing the Fifth and Sixth Garnishments did Midland conduct any discovery into Ms. Rice's assets.

33. The Fifth and Sixth Judgments did not attach any funds belonging to Ms. Rice.

34. As a pattern and practice in its post-judgment collection activities against numerous Kentucky consumers, and similar to its post judgment collection activities against Plaintiff Bridget Rice, Midland has collected or attempted to collect court costs pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.050 and required by Ky. R. Civ. P. 54.04.

35. As a pattern and practice in its post-judgment collection activities against numerous Kentucky consumers, and similar to its collection activity against Plaintiff Bridget Rice, Midland has collected or attempted to collect lien recording fees pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.040 and required by Ky. R. Civ. P. 54.04 and that regardless it had no legal right to collect because they are not recoverable expenses for judgment creditors under Kentucky law.

36. As a pattern and practice in its post-judgment collection activities against numerous Kentucky consumers, and similar to its collection activity against Plaintiff Bridget Rice, Midland has collected or attempted to collect pursuant to judgments it obtained against numerous Kentucky consumers, filing fees it paid to court clerks for orders of garnishment filed and garnishment fees paid to garnishees, for both wage and non-wage garnishments, for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.050 and required by Ky. R. Civ. P. 54.04 and that regardless it had no legal right to collect because some or all of those garnishment expenses are not recoverable by judgment creditors under Kentucky law.

37. As a pattern and practice in its post-judgment collection activities against numerous Kentucky consumers, and similar to its collection activity against Plaintiff Bridget Rice, Midland has issued garnishments without any good-faith basis for believing that the garnishees have any property belonging to the debtor in their possession, and without conducting post-judgment discovery into the judgment debtor's assets in accordance with Kentucky law. Midland has subsequently attempted to recover the entirety of its costs and expenses related to these "blind" garnishments from the judgment debtors themselves.

## CLASS ALLEGATIONS

38. Plaintiff Bridget Rice ("Rice") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**CLASS I:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, court costs from the consumer without filing a bill itemizing costs it intended to recover as required by Ky. R. Civ. P. 54.04 and in violation of KRS 453.050. Class I is further subdivided as follows:

**Subclass I.A:** Those members of Class I against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for a debt within the meaning of the FDCPA.

**Subclass I.B:** Those members of Class I against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute as set out in KRS 413.120(2).

**CLASS II:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect a fee paid by Midland to file a "Notice of Judgment Lien Upon Real Estate" against the consumer. Class II is further subdivided as follows:

**Subclass II.A:** Those members of Class II against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for a debt within the meaning of the FDCPA.

**Subclass II.B:** Those members of Class II against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute as set out in KRS 413.120(2).

**CLASS III:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, the fee paid by Midland to the state court clerk and/or the fee paid to the garnishee pursuant to Midland filing an order of wage or non-wage garnishment against such consumer. Class III is further subdivided as follows:

**Subclass III.A:** Those members of Class III against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for a debt within the meaning of the FDCPA.

**Subclass III.B:** Those members of Class III against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute set out in KRS 413.120(2).

**CLASS IV:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained

a judgment against such consumer and within the prior one (1) year of the filing of this complaint collected, or attempted to collect, the judgment by means of garnishments where (a) Midland had no good-faith basis to believe that the garnishee held any money or property of the consumer which was subject to garnishment, (b) served one or more orders of garnishment on garnishees who did not have any relationship to the consumer, and (c) later sought to recover some or all of the costs and expenses of filing and serving the orders of garnishment from the consumer.

39.   This action seeks actual damages for Midland's violation of Kentucky state statutes pursuant to KRS 446.070; actual damages and maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2), for all members of the proposed classes; for injunctive relief against Midland enjoining it from further violation of such state and federal law; and for an award of attorneys' fees and allowable court costs.

40.   This action also seeks injunctive relief enjoining Midland from seeking to collect or collecting court costs and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

41.   The proposed Class' as set out *supra* and so represented by Plaintiff Bridget Rice in this action, and of which she herself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

42.   Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

43.   There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members

of the proposed Class have the same issues of law in common:

    (a) Whether Midland acted illegally in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04;

    (b) Whether Midland acted illegally in collecting or attempting to collect from consumers court costs expended in obtaining Kentucky state court judgments when the judgment against the consumer did not award Midland its court costs;

    (c) Whether Midland acted illegally in collecting or attempting to collect from consumers post-judgment collection expenses, such as lien recording fees and fees paid to garnishees pursuant to KRS 425.501(3), which are not costs paid to the court or to its officers;

    (d) Whether Midland acted illegally in issuing orders of garnishment to garnishees without a good-faith basis for believing that the garnishee held money or other property belonging to the consumer subject to the garnishment, and then subsequently collecting or attempting to collect from the consumer its costs and expenses in issuing said orders of garnishment.

44. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

45. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

46. Plaintiff's attorney is experienced and capable in the field of consumer rights, including FDCPA violations.

47. Plaintiff's attorney has successfully represented other claimants in similar

litigation.

48. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

49. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

50. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

51. The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

52. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far

superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

53. The above-described actions by Midland Funding, LLC ("Midland") constitute violations of the Fair Debt Collection Practices Act.

54. Defendant Midland's violations of the FDCPA include, but are not limited to, the following:

A. Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B. Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C. Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D. Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken;

E. Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F. Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G. Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

**Violation of Kentucky State Law**

55.     The above-described actions by Midland violate KRS 453.050 and Ky. R. Civ. P. 54.04 in that Midland failed to file a bill of costs as required prior to collecting or attempting to collect court costs or any recoverable cost under Kentucky law, and that Midland collected or attempted to collect post-judgment collection expenses, such as lien recording fees and expenses relating to garnishments, which are not recoverable under Kentucky law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Bridget Rice requests that the Court grant her the following relief:

a.      Award the maximum dollar amount of statutory damages for each member of the proposed class provided under 15 U.S.C. §1692k;

b.      Award Plaintiff Bridget Rice and the members of the proposed class their actual damages for unauthorized court costs, lien recording fees, and garnishment costs paid;

c.      Grant Plaintiff and the proposed class members an injunction, enjoining Midland from attempting to collect or collecting court costs without first filing a bill itemizing costs; enjoining Midland from any attempt to collect statutory lien recording fees or garnishment fees paid to court clerks of the Commonwealth of Kentucky, county clerks of the Commonwealth of Kentucky and/or garnishees pursuant to judgments obtained in courts of the Commonwealth of Kentucky against consumers in Kentucky, and within the meaning of the FDCPA; and enjoining Midland from issuing orders of garnishment to garnishees without a good-faith basis for believing that the garnishee has garnishable funds or property belonging to the consumer, and then recovering or attempting to recover the costs of said garnishments from the consumer;

d.      Award Plaintiff Bridget Rice and the members of the proposed class their attorney's fees, litigation expenses and costs as provided by FDCPA;

e.      A trial by jury; and

    f.    Such other relief as may be just and proper.

        Respectfully submitted,

        /s/ James R. McKenzie
        James R. McKenzie
        *James R. McKenzie Attorney, PLLC*
        115 S. Sherrin Avenue, Suite 4
        Louisville, KY 40207
        Tel:    (502) 371-2179
        Fax:   (502) 257-7309
        jmckenzie@jmckenzielaw.com

        James H. Lawson
        *Lawson at Law, PLLC*
        115 S. Sherrin Avenue, Suite 4
        Louisville, KY 40207
        Tel:    (502) 473-6525
        Fax:   (502) 473-6561
        james@kyconsumerlaw.com